May, J.
We consider the hustings court as having decided, in effect, that tobacco of the growth of this state, in the condition in which it is ordinarily prepared for market by the grower, is comprehended within the terms “ goods, wares and merchandize,” in the statute. It is believed, that this construction was never‘given to the statute, until the year 1828—five years after it was passed; and the fact that *573 the legislature, by an act of the last session, have provided against it in future, is entitled to some consideration.
A careful examination, however, of the various statutes on this subject, leads us to the conclusion, that the words “ goods, wares and merchandize,” as used in the revenue laws, were never intended to embrace the agricultural productions of the state. Thus, the annual act imposing taxes &c. exempts from this tax, farmers &c. who purchase and sell sugar, salt, iron he. “ as a return load for their produce and other property, taken to market.” The law defining wholesale and retail merchants, declares the former to be those, of whose annual sales, one half or more, shall be made by the bale, piece, package, or dozen; terms wholly inapplicable to corn, wheat, tobacco he. And w,e know, that these, and many other articles of produce and property, are not, in this state, ordinarily termed “ goods, wares and merchandizes;” and have never been regarded as such, within the meaning of the revenue laws. To give this comprehensive signification to them, would make them embrace almost every subject of ordinary traffick and sale in the country ; and would require a large portion of several classes of our citizens to obtain licences as merchants.
Construing the act of February 24. 1823, therefore, with reference to its object and subject matter; and guided, in the interpretation of its words, by the provisions of other laws on the same subject; we are of opinion, and do accordingly certify to the circuit court, that tobacco, of the growth of this state, and in the condition in which it is ordinarily prepared for market by the grower, is not goods, wares or merchandize, within the meaning of the said act, no matter how or by whom sold ; and that the judgment of the hustings court ought to be reversed, for not giving the instruction, which was asked for, in this case.